BAER et v WOLFE et

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided July 1, 1929

Messrs. R. A. Kennedy, Esq., and Quigley & Byrnes, Cleveland, for Baer et.

Messrs. Bartholomew, Leeper & McGill and A. E. Emmerman, Esq., Cleveland, for Wolfe et.

VICKERY, PJ..

The defendants below and defendants here admit that their building is built out within 28 feet on one side and 29 feet on the other side of the street line, but the evidence shows that other buildings, one immediately adjoining, which they themselves built, as it appears, was built 29 feet from the street line, and that plaintiffs did not object, or at least did not make their objection known until that building had been erected; and it is, therefore, argued that the plaintiffs are estopped from preventing the erection of the present building in its proposed location. There would be more in this argument, if the building immediately adjoining it had been built by some other person rather than by the defendant himself. The defendants seem to have been successful in erecting that building in violation of the restriction and so thought they could do likewise with respect to the building in the instant case.

Their argument so far as this building is concerned, is not tenable, but there does not seem to be much reason if the defendants were permitted to build the other building, to now stop this particular one, because whatever view of the street was obstructed by the erection of the other building, this building does not interfere any more with the view than the building that has been erected, which, it is admitted, the plaintiffs stood by and saw erected without interference, although it is said they did not know that restriction was being violated.

But there is a more serious objection than that, and that is that the record shows that the plaintiffs' own building is built out 35 feet to the street line. In other words, the plaintiffs themselves have violated the restriction, and are seeking to hold the defendants strictly to the set back line of forty feet while they themselves have built out five feet over that line: and the record in this case shows that of the seven houses built on this area, at least four of them are built out into the restricted strip, and the plaintiffs are of these offenders, and so we have the two questions: one that they permitted the defendants to build a double house out 29 feet, about the same distance that the present building is being erected, which is adjoining it; and the other fact, that they are estopped from pleading a strict living up to this building line restriction because the plaintiffs themselves violated it, and are now violating the set back line for they have built at least five feet over the line towards the street; so the plaintiffs are in no position to invoke the principle of equity to compel the other party to live strictly up to the set back line.

We have no hesitancy in saying that, if the plaintiffs had kept their own building back in its proper position, that it would hardly be tenable for the defendant to plead their own wrong in building out the one property that had been built before over the set back line.

But taking the whole record together, we can come to no other conclusion than that because of the violation of the restriction by plaintiffs, they are in no position to enforce it.

The decree of the court will, therefore, be for the defendants. Order see journal.

Sullivan and Levine, JJ, concur.